Filed 4/30/26  P. v. Pulgarin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROGELIO PULGARIN,<br><br>        Defendant and Appellant. | D086312<br><br><br><br>(Super. Ct. No. SCS270904) |

APPEAL from an order of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Rogelio Pulgarin appeals from an order denying his petition for supervised release into a conditional release program under Penal Code[1] section 1026.2.  Appointed counsel filed a brief citing *People v. Delgadillo* (2022) 14 Cal.5th 216 and indicating he had reviewed the record and found

---

[1]    Further undesignated statutory references are to the Penal Code.

"no arguable issues to be pursued on appeal." The brief provides a narrative of the facts relevant to the pertinent legal issues. Appellate counsel requested that this court independently review the entire record on appeal to determine whether it reveals any issues that could result in reversal or modification of the judgment. Counsel provided defendant with a copy of this brief and informed him of the right to file a supplemental brief. Defendant submitted a letter again requesting he be conditionally released. Although we are not required to independently review the record for error (see *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1425 (*Dobson*) [applying *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*) to review of an order denying an application for restoration of sanity under section 1026.2]), we have nevertheless exercised our discretion to do so and our review has revealed no arguable issues. We further conclude the issue raised by Pulgarin's letter does not provide a basis for reversal of the court's order. We therefore affirm the denial order.

BACKGROUND

On May 11, 2015, Pulgarin was found not guilty by reason of insanity of assault by means of force likely to cause great bodily injury against his mother, in violation of section 245, subdivision (a)(4). He was committed to the Department of State Hospitals under section 1026.

In early December 2024, Pulgarin filed a petition under section 1026.2 seeking to be released to a conditional release program. The court held an evidentiary hearing on the petition the following June.

Pulgarin testified at the hearing. He recalled the assault upon his mother that formed the basis for his commitment. In his view, at the time of the assault, his diagnosed paranoid schizophrenia was worsened by drug use and he believed his mother was someone else who was merely posing as her.

2

Pulgarin expressed remorse over the injuries he caused and testified he would not repeat similar conduct. He sought release into a conditional release outpatient program so that he could be closer to his mother.

Pulgarin acknowledged his diagnosis of paranoid schizophrenia, and he listed multiple medications he takes in order to help his symptoms improve. He testified that if he were to be released into the conditional release program, he would follow all program rules, including requirements about taking prescribed medications. Pulgarin acknowledged that without his medication, he was a risk for violence because he "could have a hard time with [his] moods." According to him, he had been free of symptoms of schizophrenia, including auditory hallucinations and agitation, during the previous year.

The People submitted documentary evidence in opposition. For example, the People submitted a February 24, 2025 letter written by Dr. Robert Brodie, a senior psychologist supervisor in the forensic evaluation department at Patton State Hospital. In Dr. Brodie's opinion, Pulgarin had not been restored to sanity and was not suitable for release into the community because there remained a risk he would be violent. Dr. Brodie noted that within the previous six months, Pulgarin continued to experience "active symptoms of his severe mental disorder," i.e., schizophrenia, in the form of "paranoia, delusional content, sleep disturbances, and negative psychotic symptoms." In addition, Pulgarin "does not actively participate in treatment" as a "reasonable patient should," and he had been having "difficulty following the hospital's rules and regulations." Dr. Brodie concluded Pulgarin "continues to have several risk factors for violence including psychiatric and behavioral instability, poor adherence to medical treatment, inconsistent group attendance, poor insight and judgment, and

3

inadequate skills to mitigate his risk for violence in the absence of the highly structured supervision and security of the state hospital."

The People also submitted an April 3, 2025, psychological examination report prepared by independent psychologist Dr. David Bloch.[2]  Dr. Bloch noted Pulgarin's criminal history, which began during his mid-teens.  He also reviewed Pulgarin's diagnoses, which included schizophrenia, moderate amphetamine use disorder, and moderate alcohol, cannabis, and inhalant use disorders.  According to Dr. Bloch, Pulgarin continued to display symptoms of his mental illness, including paranoia, delusions, and poor grooming and hygiene.  In addition, Pulgarin's insights and judgments were limited, and he had inadequate skills that would allow him to mitigate the risk of violence if released.

In Dr. Bloch's view, Pulgarin was unable to describe how his mental illness caused his criminal behavior or how it could lead to future criminal activity.  He was also unable to describe a wellness and recovery action plan that would focus on managing his mental illness or how to use coping skills to prevent acts of aggression.  It was Bloch's opinion that Pulgarin would not be an appropriate candidate for the conditional release program, but he could potentially be a suitable candidate for a different type of program called Golden Legacy.

## DISCUSSION

In *Ben C.*, our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and

---

[2]    Although the record is ambiguous, it suggests the court considered this report in assessing Pulgarin's motion.

4

(2) file a brief setting out the applicable facts and the law." (*Ben C., supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.) The reviewing court may then dismiss the appeal if there are no arguable issues. (*Id.* at p. 544.) The court in *Dobson, supra*, 161 Cal.App.4th at pages 1438–1439 concluded these procedures also apply when an attorney finds no arguable issues in an appeal from a denial of petition for restoration of competency under section 1026.2.

Pulgarin's appointed appellate counsel followed the *Ben C.* procedures by (a) reviewing the record; (b) informing Pulgarin of his assessment the record revealed no arguable issues; (c) filing a brief similarly informing the court; and (d) providing Pulgarin with a copy of the brief and informing him of his right to file a supplemental brief within 30 days of the filing of counsel's brief and that the appeal might be dismissed if Pulgarin did not do so.

Even though we are not required to review the entire record for arguable issues in this matter (see *Dobson, supra*, 161 Cal.App.4th at pp. 1438–1439), we have exercised our discretion to do so (see *Ben C., supra*, 40 Cal.4th at p. 544, fn. 7 [appellate court may choose to retain an appeal rather than dismiss it]). Our review has revealed no arguable issues.

Because Pulgarin submitted a letter in response to his attorney's notification of his right to file a supplemental brief, however, we also address this submission. In the letter, Pulgarin asserts his "sanity is back to normal" and there is "no need to keep [him] locked up in Patton State Hospital any longer." Pulgarin's letter appears to be an update on what he believes is the current state of his mental health, as opposed to setting out a legal challenge to the court's order denying his request for conditional release. A general

5

rule of appellate review is that the reviewing court examines the correctness of a judgment or order based on a record of those matters that were before the trial court. (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1102 ["[A]ppellate courts review a trial court's judgment based on the record as it existed when the trial court ruled."].) Thus, an appellate court typically considers only matters that were part of the record before the trial court and disregards statements of fact or factual assertions that are not supported by reference to the trial court record. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.) It is therefore beyond our role as a reviewing court to address Pulgarin's current mental state.

And, even if we construe Pulgarin's letter more broadly and interpret it as challenging the correctness of the trial court's order, we conclude no error has been shown. A person who has been found not guilty by reason of insanity and committed to a state hospital may apply to the superior court for release from commitment "upon the ground that sanity has been restored." (§ 1026.2, subd. (a).) As part of this process, the court must hold a hearing to determine whether the applicant "would be a danger to the health and safety of others, due to mental defect, disease, or disorder, while under supervision and treatment in the community." (§ 1026.2, subd. (e); see *Dobson, supra*, 161 Cal.App.4th at p. 1432.) If the court finds the applicant would not be dangerous under supervision and treatment in the community, then "the court shall order the applicant placed with an appropriate forensic conditional release program for one year." (§ 1026.2, subd. (e).)

Importantly, the applicant bears the burden of proof by a preponderance of the evidence at this hearing. (§ 1026.2, subd. (k).) And, on appeal, this court is to review the trial court's determination for an abuse of discretion. (*Dobson, supra*, 161 Cal.App.4th at p. 1434.) An abuse of

6

discretion exists when the trial court's "factual findings critical to its decision find no support in the evidence" (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998), but not when the defendant merely shows facts that provide an opportunity for differences of opinion (*People v. Sword* (1994) 29 Cal.App.4th 614, 626 (*Sword*)).

Our review of the record reveals no abuse of discretion. The evidence supported the conclusion that Pulgarin would be a danger to the safety of others due to his continuing mental disorder. In particular, documentary evidence showed that he continued to experience active symptoms of schizophrenia, including paranoia, delusional content, sleep disturbances, as well as negative psychotic symptoms. Although Pulgarin testified that his symptoms improved when he consistently took his prescribed medication, the court acted reasonably in crediting and relying on the documentary evidence indicating that even with medication, Pulgarin continued to experience these active symptoms—i.e., the symptoms that led to his previous violent criminal behavior. (See *Sword, supra*, 29 Cal.App.4th at p. 626.) On this record, the trial court did not act beyond the bounds of reason in denying Pulgarin's petition for conditional release.

## DISPOSITION

The trial court's order denying Pulgarin's petition for conditional release is affirmed.

BUCHANAN, J.

WE CONCUR:

DATO, Acting P. J.

RUBIN, J.